UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BENN MCCURRY,<br>　　*Plaintiff*<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　*Defendant* | §<br>§<br>§<br>§<br>§　　Case No. 1:23-CV-00725-RP-SH<br>§<br>§<br>§<br>§ |

### ORDER

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) and Complaint (Dkt. 1-1), both filed June 27, 2023. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

### I.　Motion to Proceed *In Forma Pauperis*

Plaintiff Ben McCurry, who is represented by an attorney, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, the Court finds that McCurry is indigent. Accordingly, the Court hereby **GRANTS** him *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefore pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). McCurry is further advised that although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Frivolousness Review Under Section 1915(e)(2)

Because McCurry has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

McCurry applied for disability benefits under Title II and Title XVI of the Social Security Act and the Administrative Law Judge denied his application. McCurry alleges that the ALJ's decision is not supported by substantial evidence and is contrary to law. McCurry alleges that he exhausted his administrative remedies and seeks judicial review pursuant to 42 U.S.C. § 405(g).

The Court finds that McCurry's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.   Conclusion

For these reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) and **ORDERS** the Complaint (Dkt. 1-1) to be filed without prepayment of fees or costs or giving security therefore, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

**SIGNED** on July 28, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE